# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

EDWIN DAVIS WOODWARD,     )
                               )
            Petitioner,     )
                               )
v.                              )         Case No. CIV-17-1288-D
                               )
UNITED STATES,           )
                               )
            Respondent.     )

## ORDER

Petitioner, appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241 [Doc. No. 5]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings.

On December 28, 2017, Judge Erwin filed a Report and Recommendation ("Report") [Doc. No. 7], in which he recommended that the Court dismiss the habeas petition without prejudice because Petitioner had failed to state a claim under 28 U.S.C. § 2241. Specifically, Judge Erwin noted that a § 2241 action was not the proper course for challenging conditions of confinement.

Judge Erwin advised Petitioner of his right to object and directed that any objection be filed on or before January 16, 2018. Judge Erwin further advised Petitioner that any failure to object would result in a waiver of the right to appellate review. The deadline for filing objections has passed. To date, Petitioner has not filed objections and has not sought an extension of time in which to do so.

Accordingly, Judge Erwin's Report and Recommendation [Doc. No. 7] is ADOPTED as though fully set forth herein. Petitioner's habeas petition is dismissed without prejudice to refiling.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED. The denial shall be included in the judgment.

IT IS SO ORDERED this 30th day of January 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE